**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANTHONY M. DUNAWAY, SR., | : | Case No. 3:26-cv-33 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| HELEN WALLACE, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER and REPORT AND RECOMMENDATION[1]**

This matter is before the Court upon *pro se* Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action.

## I.    PLAINTIFF'S COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against four Montgomery County Juvenile Court defendants, Administrative Judge Helen Wallace, Judge Julie Bruns, Magistrate Hope Smalls/Taylor, and Magistrate Thomas Schiff, for violations of his constitutional rights. (Doc. #1-1, *PageID* #s 5-9). He alleges, "Plaintiff is the father of minor children whose custody and access have been denied by Montgomery County court for nearly one year, with no finding of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

unfitness, no hearing with due process, and no law evidence of harm." *Id.* at 8.  Plaintiff explains that he has attempted to obtain transcripts of proceedings but has been "stonewalled or denied without basis." *Id.* at 9.  Plaintiff requests that the Court: (1) issue a temporary restraining order "halting enforcement of any custody restrictions against Plaintiff"; (2) compel production of all transcripts; (3) schedule an expedited hearing for issuance of a preliminary injunction; (4) "Enjoin all Defendant from interfering with Plaintiff's lawful parental rights absent a full due process hearing with clear and convincing evidence"; (5) Order the Second District Court of Appeals to unseal or permit appellate review free from influence or self-insulation by parties named in this action; and (6) award further relief as the Court deems necessary to restore Plaintiff's rights.  *Id.* at 9.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief.  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor.  *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff").  However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal

pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.    DISCUSSION

### A.    *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction to review and determine the validity of state court judgments even if, as here, a plaintiff claims that his federal constitutional rights were violated at the state level. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In other words, *Rooker-Feldman* precludes federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Plaintiff's complaint on its face purports to assert claims seeking to overturn and/or vacate a state juvenile court child custody determination. Such claims are barred by *Rooker-Feldman*. *See Hinton v. Teodosio*, No. 5:12 CV 1267, 2012 WL 5354584, at *4 (N.D. Ohio Oct. 29, 2012) (finding under the *Rooker-Feldman* doctrine that Court lacks subject-matter jurisdiction to review state court's custody determination). Accordingly, Plaintiff's claims should be dismissed.

### B.    Judicial Immunity

Moreover, judges are largely immune from liability for acts they commit while functioning within their judicial capacity. *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991)). A plaintiff can overcome the application of judicial immunity only where: (1) the judge's acts were clearly non-judicial in nature and therefore outside

the scope of the judge's judicial capacity; or (2) the judge's actions were taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 12.  The factors that are relevant to whether an act is judicial in nature are: (1) "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge"; and (2) "whether [the parties] dealt with the judge in his judicial capacity." *Id.*

Here, Judge Helen Wallace, Judge Julie Bruns, Magistrate Hope Smalls/Taylor, and Magistrate Thomas Schiff are entitled to absolute judicial immunity.  The undersigned understands Plaintiff's Complaint as a direct challenge to the judicial decisions that the judges and magistrates made in the state court case(s) over which they preside.  Plaintiff does not allege any facts to suggest that the judges or magistrates acted outside their judicial capacity.  Moreover, Plaintiff fails to allege sufficient facts demonstrating that the judges and magistrate acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607.  Therefore, Judge Helen Wallace, Judge Julie Bruns, Magistrate Hope Smalls/Taylor, and Magistrate Thomas Schiff are absolutely immune from civil liability and all claims against them should be dismissed.

### C.      Conclusion

As set forth above, 28 U.S.C. 1915(e)(2) permits *sua sponte* screening and dismissal of a civil action "at any time if the court determines that" the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief" from an immune defendant.  For the reasons set forth above, the undersigned **RECOMMENDS** that *sua sponte* dismissal of Plaintiff's Complaint is appropriate in this case

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1)
is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1.    Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2);

2.    The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3.    The case be terminated on the Court's docket.

May 18, 2026                                                            *s/Peter B. Silvain, Jr.*
                                                                              Peter B. Silvain, Jr.
                                                                              United States Magistrate Judge

5

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).